IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

---

PAMELA TRAVAGLIO, an individual, on behalf of herself and all others similarly situated,

          Plaintiff,

v.

GE CAPITAL RETAIL BANK and ALLIED INTERSTATE, LLC,

          Defendants.

Case No. **5:14-cv-00047-WTH-PRL**

**DISPOSITIVE MOTION**

**ORAL ARGUMENT REQUESTED**

---

### DEFENDANT GE CAPITAL RETAIL BANK'S MOTION TO DISMISS COMPLAINT

Defendant GE Capital Retail Bank ("GECRB") moves to dismiss Plaintiff Pamela Travaglio's ("Plaintiff") entire Complaint (Dkt. 1) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for impermissible vagueness under Rule 8 of the Federal Rules of Civil Procedure. In support of its motion, GECRB states as follows:

### MEMORANDUM OF LAW

#### I.   INTRODUCTION

The Complaint in this action is yet another bare-bones complaint for relief under the Telephone Consumer Protection Act (the "TCPA"), codified at 47 U.S.C. § 227 *et seq.*[1] The

---

[1] In recent years, TCPA claimants have increasingly flooded the courts with such complaints. Plaintiffs filed 14 TCPA lawsuits in 2008, 31 in 2009, 345 in 2010, 825 in 2011, 1,101 in 2012, 1,862 in 2013 and if January 2014 is indicative, the number will exceed 2,400 in 2014. *See* Jack Gordon, *Debt Collection Litigation & CFPB Complaint Statistics, December 2013 & Year in Review*, InteractiveCredit.com (Jan. 22, 2014)), *available at*

Complaint contains no factual allegations that support necessary elements of a TCPA claim, and, instead, merely recites the statute. Under Supreme Court precedent, such pleading is plainly insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Indeed, just a few weeks ago, Judge Steele dismissed a very similar TCPA complaint for failure to state a claim because the allegations about an automatic telephone dialing system and an artificial or prerecorded voice merely followed the language of the statute. *See Speidel v. JP Morgan Chase & Co.*, 13-cv-852-FtM-29DNF, 2014 WL 582881 (M.D. Fla. Feb. 13, 2014). The allegations in this case are virtually identical and the result should be the same here, as Judge Steele's decision is on the soundest of footing. In the last two years, at least nine other District Courts have reached the same conclusion where similar allegations were made. *See* Sec. IV(b), *infra*. Plaintiff fails to meet even the minimal pleading standards of Federal Rule of Civil Procedure 8(a) and has not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint must be dismissed.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that she "maintains a cellular telephone," which receives service "via a 'cellular telephone service.'" (Compl. ¶¶ 12-13, Dkt. 1.) Plaintiff alleges that, "[i]n the beginning of 2013" and "[t]hroughout the next months," GECRB called her at her cellular telephone number, with calls occurring "up to seven in a day" and "often . . . minutes apart." (*Id.* ¶¶ 15, 17-18.) Plaintiff then simply recites the statute in alleging that:

> 22. In each of these calls, GECRB used an 'automatic telephone dialing system,' as defined by 47 U.S.C. § 227(a)(1) to initiate the calls to Pamela Travaglio on her cellular telephone.

---

http://interactivecredit.com/?p=2101; Jack Gordon, *Debt Collection Litigation & CFPB Complaint Statistics, January 2014*, InteractiveCredit.com (Feb. 24, 2014), *available at* http://interactivecredit.com/?p=2110.

> 23. In many of the calls, GECRB left or conveyed a prerecorded or artificial voice message.

(*Id.* ¶¶ 22-23.) She further alleges that she did not consent to any of the calls, (*id.* ¶ 20), and, upon information and belief, "GECRB was seeking to contact her husband . . . to collect on [his GECRB] account." (*Id.* ¶ 16.) Plaintiff also directly alleges that GECRB called her "in an attempt to collect the debt" owed by her husband. (*Id.* ¶ 17.)[2]

### III.   THE TELEPHONE CONSUMER PROTECTION ACT

The Complaint invokes the following provision of the TCPA, which makes it unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) *using any automatic telephone dialing system or an artificial or prerecorded voice—*
>
> . . . .
>
> (iii) *to any telephone number assigned to* a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service *for which the called party is charged for the call*.

47 U.S.C. § 227(b)(1)(A) (emphasis supplied). The TCPA defines "automatic telephone dialing system" (an "ATDS") as:

---

[2] Plaintiff has an account with GECRB as to which she provided the phone number at issue in the Complaint to GECRB and gave GECRB consent to call that number. Plaintiff's husband also has an account with GECRB as to which he provided the same phone number to GECRB and gave GECRB consent to call that number. The Travaglios' account agreements with GECRB both contain arbitration provisions that require them to arbitrate any dispute relating to their accounts and preclude them from participating in class actions. Thus, the only way for the Travaglios to have an argument to avoid the impact of the arbitration clauses is to claim that the number given to GECRB on both accounts belongs to only one of the Travaglios and that the Travaglio to whom the phone belongs sues only about the calls made on the other spouse's account. That is plainly the gambit in the Complaint. GECRB reserves the right to compel Ms. Travaglio's claims relating to calls to the number at issue placed in connection with her account to arbitration as soon as she asserts them in this case.

equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."

47 U.S.C. § 227(a)(1). What constitutes an ATDS is a controversial issue that is has been heavily litigated and is currently before the Federal Communications Commission ("FCC") on a Petition for Declaratory Ruling as to which the FCC has stated it has a draft order.[3]

### IV.  ARGUMENT

#### a. Legal Standard For This Motion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *accord Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289-90 (11th Cir. 2010). A complaint has "facial plausibility" when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In addition, "'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" *Am. Dental Asss'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 678).

---

[3] *See In re Commc'n Innovators' Pet. for Declaratory Ruling*, CG Dkt. No. 02-278, FCC.gov (June 7, 2012), *available at* http://apps.fcc.gov/ecfs/document/view?id=7021922418; Letter from K. Monteith, Acting Chief, Consumer and Governmental Affairs Bureau, FCC to Congressman D. Hunter, FCC.gov, 4 (Sept. 10, 2013), *available at* http://apps.fcc.gov/ecfs/comment/view?id=6017468750.

4

## b. Plaintiff Fails To Allege Facts Sufficient To Plausibly Conclude That GECRB Used An Automatic Telephone Dialing System or An Artificial or <u>Prerecorded Voice When Making Any Call To Plaintiff</u>

Courts are following Supreme Court precedent on pleading standards and finding allegations insufficient to state a claim under the TCPA where complaints state only that a defendant used an ATDS or an artificial or prerecorded voice, merely reciting the statutory language. Indeed, the authority on this point is overwhelming:

- *Speidel v. JP Morgan Chase & Co.*, No. 13-cv-852-FtM-29DNF, 2014 WL 582881, at *2 (M.D. Fla. Feb. 13, 2014) (dismissing TCPA claim for insufficient factual allegations where plaintiff alleged that defendant "plac[ed] calls using an [ATDS] to dial plaintiff's cellular or residential telephone, or by using an artificial or prerecorded voice to deliver a message to plaintiff");

- *Sepehry-Fard v. Dep't Stores Nat'l Bank*, __ F. Supp. 2d __, 2014 WL 595067, at *2-3 (N.D. Cal. Feb. 14, 2014) (dismissing TCPA claim under Rule 12(b)(6) where plaintiff alleged that defendants "initiated phone calls to plaintiff's residential line using an artificial or prerecorded voice" and placed "14 such calls per week [intermittently] to Plaintiff's residential telephone number and cell phone number");

- *Sepehry-Fard v. MB Fin. Servs.*, No. C 13-02784 JSW, 2014 WL 122436, at *3 (N.D. Cal. Jan. 13, 2014) (holding that plaintiff's allegations were "too vague to state a claim" under the TCPA where plaintiff alleged that it is unlawful to use "an [ATDS] or an artificial or prerecorded voice" when calling "any telephone number assigned to a paging service, cellular telephone service" and that defendant "violated the Act by placing 14 such calls per week to Plaintiff");

- *Daniels v. ComUnity Lending, Inc.*, No. 13cv488-WQH-JMA, 2014 WL 51275, at *4-6 (S.D. Cal. Jan. 6, 2014) (dismissing TCPA claim for failure to plausibly allege

that defendant used an ATDS or an artificial or prerecorded voice, where plaintiff alleged that defendant made "in excess of 1,400 calls, through human agents, computer generated, and robo-dialing" and left "several messages per day using automatic telephone dialing systems, human agents, and an artificial prerecorded voice to Plaintiffs' cellular and residential telephone numbers");

- *Jones v. FMA Alliance Ltd.*, __ F. Supp. 2d __, 2013 WL 5719515, at *1-2 (D. Mass. Oct. 17, 2013) (holding that "[s]imply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim"; and dismissing TCPA complaint and rejecting proposed amended complaint as insufficient where plaintiff alleged that defendant "used an [ATDS] as defined by [the statute]");

- *Clayton v. Aaron's Inc.*, No. 13-cv-219, 2013 WL 3148174, at *3 (E.D. Va. June 19, 2013) (dismissing TCPA claim for insufficient factual allegations to support a plausible inference that defendant used an ATDS; and holding that the court "need not take Plaintiff's conclusory assertion that Defendant used autodialing as true," citing *Twombly*, 550 U.S. at 555);

- *Friedman v. Massage Envy Franchising, LLC*, No. 12-cv-02962-L-RBB, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013) (dismissing TCPA complaint which alleged that communications "were placed via an [ATDS] as defined by [the statute]" because plaintiff failed to allege facts in addition to a "'formulaic recitation of the elements'" (quoting *Twombly*, 550 U.S. at 555));

- *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) (dismissing TCPA claim where complaint alleged that defendant "placed 'many' non-emergency calls to [plaintiff's] cellular phone" but was devoid of factual allegations probative of autodialing or use of artificial or prerecorded voice);

6

- *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (holding that "when a fact is itself an element of the claim, as is the case [with the TCPA here], it is not sufficient to recite that fact verbatim without other supporting details"; and dismissing TCPA complaint as insufficient where it alleged that defendant "left prerecorded messages on his cellular phone using an ATDS");
- *Ibey v. Taco Bell Corp.*, No. 12-cv-0583-H, 2012 WL 2401972, at *1, 3 (S.D. Cal. June 18, 2012) (dismissing TCPA complaint which alleged that a text message "was placed via an [ATDS]" for failure to sufficiently plead use of an ATDS).

These dismissals are not surprising, as a conclusory allegation that telephone equipment is an ATDS or that an artificial or prerecorded voice was used is not entitled to weight or an assumption of truth under Supreme Court precedent because they are a "formulaic recitation of elements" under the TCPA. A plaintiff is required to plead actual facts beyond the language of the elements of a cause of action, and Plaintiff has not done so here.[4]

And there is no legitimate argument that Plaintiff is not in a position to plead facts and needs discovery to do so. For example, multiple courts have proposed ways that Plaintiff might be able to plead facts to support the assertion that an ATDS was used.[5] But Plaintiff has made

---

[4] *Clayton*, 2013 WL 3148174, at *3 (the court "need not take Plaintiff's conclusory assertion that Defendant used autodialing as true," citing *Twombly*, 550 U.S. at 555); *Johansen*, 2012 WL 6590551, at *3 ("[w]ithout enhancing his complaint with anything more than the language already available in the statute, Plaintiff provides only a threadbare, 'formulaic recitation of the elements' of a TCPA cause of action, which is not entitled to an assumption of truth." (quoting *Iqbal*, 556 U.S. at 678)).

[5] *Clayton*, 2013 WL 3148174, at *3 (Plaintiff must allege something more, such as "the general content, number, timing or phone number from which any of the alleged [communications] were sent that show that it is plausible that Defendant used autodialing."); *accord Jones*, 2013 WL 5719515, at *1-2 ("well-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used." (quotation marks omitted)); *Johansen*, 2012 WL 6590551, at *3 ("[i]t is not unreasonable . . . to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to

7

no effort to plead such facts here. Instead, Plaintiff merely alleges that a system "as defined by 47 U.S.C. § 227(a)(1)" was used by GECRB. This is not even the allegation-by-recitation of a statute that the Supreme Court has held improper and insufficient.[6] It is actually allegation-by-citation to a statutory definition, which is even more untenable.

Moreover, the citation in the Complaint is to the definition of an ATDS which contains elements that the Complaint clearly has not alleged. The definition of an ATDS provides that to be an ATDS the telephone equipment at issue must have the "capacity … to store or produce telephone numbers to be called, using a random or sequential number generator and (B) to dial such numbers." Plaintiff does not allege facts suggesting that calls to her number were "random" or "sequential[ly]" generated. Instead, she alleges that GECRB was calling her number "in an attempt to collect the debt" owed by her husband on his GECRB account. (Compl. ¶¶ 16-17.) Where the communications at issue were allegedly made to a specific person, the inference drawn by courts is that those communications were not made by random or sequential number generation but were targeted from known numbers (and, therefore, were not made by an ATDS).[7] Thus, the Complaint actually creates an inference that an ATDS was not used, which

---

establish his belief that the messages were pre-recorded or delivered via the ATDS"); *Sepehry-Fard*, 2014 WL 595067, at *2 (plaintiff failed to identify "the content of any call, whether prerecorded or not").

[6] *See Ibey*, 2012 WL 2401972, at *3 (dismissing TCPA complaint where plaintiff "neither specifies that the device has the capacity to store or produce telephone numbers nor that the system uses a random or sequential number [generator] to text message the numbers"); *Emanuel v. Los Angeles Lakers, Inc.*, No. CV 12-9336-GW(SHx), 2013 WL 1719035, at *4 n.3 (C.D. Cal. Apr. 18, 2013) (holding that "merely parroting the definition [of an ATDS] in the [First Amended Complaint] is insufficient to state a claim under *Twombly* and *Iqbal*," where plaintiff argued that defendant's software or system need only have the "capacity" to store or produce randomly or sequentially generated telephone numbers).

[7] *See Daniels*, 2014 WL 51275, at *4-6 (dismissing TCPA claim for failure to sufficiently plead use of an ATDS where defendant allegedly made calls in an attempt to collect on a disputed debt, as the calls "[did] not appear to have been 'random,'" and instead were "alleged to be directed specifically toward Plaintiffs"); *Emanuel*, 2013 WL 1719035, at *4 n.3 (holding that complaint failed to adequately plead use of an ATDS where plaintiff did not allege that he received the text

8

creates another reason why the Complaint does not state a claim upon which relief can be granted.[8]

Plaintiff's allegation that "GECRB left or conveyed a prerecorded or artificial voice message," (Compl. ¶ 23), without more, is also insufficient to survive a Rule 12(b)(6) motion. This allegation is the same type of conclusory assertion that was insufficient to plead use of an ATDS. *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) (dismissing TCPA claim because – like here – the complaint alleged no facts about any autodialed or prerecorded calls). Indeed, with respect to an artificial or pre-recorded voice, TCPA plaintiffs should be able to plead that they heard a robotic voice when answering the telephone or listening to voice messages, or that the content of messages was identical and generic. However, Plaintiff here does not allege that she personally heard a voice at any time, nor does she allege anything regarding the content of messages. She merely restates the statutory language: "In many of the calls, GECRB left or conveyed a prerecorded or artificial voice message." *Compare with* 47 U.S.C. § 227(b)(1)(A) ("make any call … using … an artificial or prerecorded voice."). Again, courts have repeatedly held language like this is insufficient to state a claim upon which relief can be granted. *See, e.g., Johansen*, 2012 WL 6590551, at *3 (dismissing TCPA plaintiff's complaint as insufficient where plaintiff failed to "describe the robotic sound of the voice on the other line, the lack of human response when he attempted to

---

messages "randomly" but rather in direct response to a text he sent); *Ibey*, 2012 WL 2401972, at *3 (dismissing TCPA complaint where plaintiff's allegations suggested that defendant's text message was not "random" but rather was "in direct response" to plaintiff's message).

[8] Plaintiff does alleges that GECRB placed "up to seven" calls in a day and "often the calls were only minutes apart." (Compl. ¶ 18.) However, this could easily be accomplished by a human dialer, and autodialers are used by the collection industry to ring at various times during the day and not "minutes apart." But this also turns on the question of how Plaintiff knew any calls were from GECRB (and were not from other creditors who also might be seeking payment from the Travaglios on their debts). Plaintiff conspicuously omits any information regarding whether the content of alleged messages or communications was individualized, suggesting that calls did not involve an autodialer or prerecorded voice.

have a conversation with the 'person' calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded or delivered via an ATDS."). Moreover, Plaintiff's allegations lead to the reasonable inference that she spoke to a human at GECRB, as how else would she have formed the belief that GECRB was calling her number "in an attempt to collect the debt" owed by her husband on his GECRB account. (*See* Compl. ¶¶ 16-17.)[9] The Complaint must be dismissed.

### c. The *Speidel* Case Decided Last Month in This District Is Particularly Instructive

On February 13, 2014, Judge Steele decided *Speidel v. JP Morgan Chase & Co.*, No. 13-cv-852-FtM-29DNF, 2014 WL 582881 (M.D. Fla. Feb. 13, 2014). In that case Judge Steele granted a motion to dismiss the TCPA claims under Rules 12(b)(6) and 8(a) for failure to state a claim. Specifically, he held that the allegations in the complaint "merely follow the language of the statute" and, therefore, the claim "lacks adequate factual support." *Id.* at *2. The allegations at issue in that case were:

> 11. The Defendant used an automatic telephone dialing system, and/or used an artificial or prerecorded voice to deliver a message to the Plaintiff, without prior express consent to Plaintiff's residential telephone or cellular telephone.

Weston Decl. at ¶ 3.[10] As a reminder, the allegations in this case are:

---

[9] At least one Florida District Court has held that a plaintiff's allegation that he "spoke with Defendant's representatives . . . negates a claim that the calls were made by an automated dialing system or artificial or prerecorded voice." *Duran*, 878 F. Supp. 2d at 1316.

[10] The Court may take judicial notice of pleadings filed in other cases to the extent they are accessible via the Public Access to Court Electronic Records ("PACER") internet database link to the Official Court Electronic Document Filing System for the United States District Court for the Middle District of Florida. *See* Fed. R. Evid. 201; *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (holding that district court properly took judicial notice of documents in plaintiff's first case, which were public records, and did not need to convert the motion to dismiss into a motion for summary judgment); *TerMarsch v. Argent Mortg. Co., LLC*, No. 8:07-CV-1725-T-30TBM, 2008 WL 1776592, at *4 n.6 (M.D. Fla. Apr. 16, 2008) (on a motion to dismiss, taking judicial notice of information accessible via the PACER site).

> 22. In each of these calls, GECRB used an 'automatic telephone dialing system,' as defined by 47 U.S.C. § 227(a)(1) to initiate the calls to Pamela Travaglio on her cellular telephone.
>
> 23. In many of the calls, GECRB left or conveyed a prerecorded or artificial voice message.

(Compl. ¶¶ 22-23.)  The allegations in this case are substantially the same as the complaint in *Speidel* (actually less tenable because of the explicit citation to the statute).  The Court should dismiss the Complaint in this action as a mere recitation of the statute just as the complaint in *Speidel* was dismissed.

## V.   CONCLUSION

WHEREFORE, GECRB respectfully requests that this Court dismiss all claims against GECRB with prejudice.  GECRB respectfully requests oral argument as to this motion.  GECRB reserves the right to compel Ms. Travaglio's claims relating to calls to the number at issue placed in connection with her account to arbitration as soon as she asserts them in this case.

## VI.   REQUEST FOR ORAL ARGUMENT

Defendant GECRB submits that for good cause that oral argument will assist the court in deciding this motion and requests fifteen (15) minutes per side.

Respectfully submitted on March 14, 2014.

/s/James F. Moseley
James F. Moseley, Esq.
Fla. Bar No.:  056942
Email: jfmoseley@mppkj.com
Stanley M. Weston, Esq.
Fla. Bar No.:  0559814
Email: smweston@mppkj.com
MOSELEY, PRICHARD, PARRISH, KNIGHT & JONES
501 West Bay Street
Jacksonville, FL 32202
Telephone:  (904) 356-1306
Facsimile:  (904) 354-0194

        And

        Joseph L. Noga (*Pending Pro Hac Vice*)
        Email: jnoga@jenner.com
        Jenner & Block, LLP
        919 Third Avenue
        New York, NY 10022-3908
        Telephone: (212) 891-1600
        Facsimile: (212) 891-1699

        Attorneys for Defendant, GE Capital Retail Bank

### CERTIFICATE OF SERVICE

I hereby certify that on the __14th__ day of March, 2014, I electronically filed the foregoing with the Clerk for the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Robert W. Murphy, Esq.
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(via CM/ECF)

Julie A. Petrick, Esq.
Lyngklip & Associates Consumer Law Center, PLC
24500 Northwestern Highway, Suite 206
Southfield, MI 48075
(via CM/ECF)

        /s/James F. Moseley
        Attorney for Defendant, GE Capital Retail Bank